## MERRITT SOWLES, ET AL. *v.* E. B. FLINN.

*Insolvency.    Claims of assignee for services.    Allowance.*

Under R. L. 1862, providing for the appointment of commissioners to adjust disputes arising in the settlement of an insolvent estate, the creditors of the estate have no right to ask for the appointment of such commissioners to pass upon the claims of the assignee for services and disbursements.    That the question is entirely for the judge of the Court of Insolvency upon the settlement of the assignee's account.

Petition for mandamus to compel the defendant as register and acting judge of the Court of Insolvency for the district of Franklin to appoint commissioners under R. L. 1862.    Heard upon answer and testimony.

The question raised and decided appears in the opinion.

*F. W. McGettrick, S. E. Royce* and *E. A. Sowles,* for the petitioners.

Mandamus is the appropriate remedy.    R. L. 1378; *Redfield* v. *Windham,* 137 U. S. 643–4; *St. Albans* v. *National Car Co.,* 57 Vt. 68.

The court should have appointed commissioners.    R. L. 1862.

*A. P. Cross,* for the defendant.

The judge of the Court of Insolvency alone has authority to pass upon the accounts of the assignee.    R. L. 1867.

TAFT, J., delivered the opinion of the court.

The question in this case is whether the petitioners, creditors of the insolvent estate of Albert Sowles, pending in the district

of Franklin, have the right to the appointment of commissioners under s. 1862, R. L., to hear and determine matters in dispute as to the claims of the assignees for services and allowances.for payments to various attorneys for services rendered by them in the settlement of the estate. These were the only claims which were specifically pointed out in the insolvent court by the petitioners as proper for the consideration of commissioners; therefore these are the only claims that need be considered under this petition. It is apparent that these disputed claims are such as arise in the administration of the estate; were not claims against the insolvent in any sense, and had no relation to the property which passed from him to the assignee. R. L. s. 1867 provides that the assignee shall, prior to the third meeting of the creditors, be ordered to file his accounts, and at the third meeting of the creditors "the judge (of the insolvent court) shall audit and pass the accounts of the assignee." We think this express provision in the last named section requires the judge of the insolvent court to pass upon all questions that arise in reference to the services of the assignee and the payment of any claims made by him in administering the estate, and that s. 1862 R. L. has reference solely to claims, liens and other matters in difference arising in the settlement of an insolvent debtor's estate, in respect of the property of the debtor which is conveyed to the assignee by the deed of assignment executed under s. 1818, R. L. The injustice of which the petitioners complain, if it exists, cannot be remedied by this court. It may appear extravagant that an estate of more than thirteen thousand dollars has been absorbed by the ordinary expenses, and the fees of the assignees and attorneys, and that there is wrong somewhere, in the assignee's indirectly buying the real property, as claimed in the petitioner's brief; but conceding that the auditing and passing the accounts of the assignees were or will be erroneous, and the sale of the real property fraudulent, we cannot trench upon the jurisdiction of the Court of Insolvency, to which the Legislature has granted full power in

the premises. If there is any evil to be apprehended from the exercise by that court of the powers granted to it, in cases like the one at bar, it is for the Legislature that conferred the powers, and not for this court, to remedy it.

*Petition dismissed with cost.*